UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
NEW ALBANY DIVISION

| | |
|---|---|
| JOSHUA EMMANNUAL COMER, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) Case No. 4:14-cv-00064-TWP-DML |
| | ) |
| GUY GRAMAGLIA Lieutenant, | ) |
| JERRY KINNETT Deputy Sheriff, | ) |
| | ) |
| Defendants. | ) |

**ENTRY DENYING MOTION FOR SUMMARY JUDGMENT**

This matter is before the Court on Defendant's Guy Gramaglia's ("Lt. Gramaglia") and Jerry Kinnett's (collectively, "Defendants") Motion for Summary Judgment (Filing No. 20). Plaintiff Joshua E. Comer ("Mr. Comer"), a former inmate at the Dearborn County Jail, filed this *pro se* civil action against Defendants alleging that they failed to protect him from physical attack by another inmate in violation of his Eighth and Fourteenth Amendment rights. Specifically, Mr. Comer claims that he requested and was denied placement in protective custody because of overcrowding. His claims are brought pursuant to 42 U.S.C. § 1983. He seeks monetary damages and injunctive relief. For the reasons stated below, Defendants' Motion is **DENIED**.

**I.   LEGAL STANDARD**

Summary judgment should be granted "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(a). A "material fact" is one that "might affect the outcome of the suit." *Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 248 (1986). The Court views the facts in the light most favorable to

the non-moving party and all reasonable inferences are drawn in the non-movant's favor. *Ault v. Speicher*, 634 F.3d 942, 945 (7th Cir. 2011).

## II. STATEMENT OF FACTS

The following statement of facts is not necessarily objectively true, but as the summary judgment standard requires, the undisputed facts and disputed evidence are presented in the light reasonably most favorable to Mr. Comer as the non-moving party. See *Reeves v. Sanderson Plumbing Products, Inc.*, 530 U.S. 133, 150 (2000).

On June 23, 2014, Mr. Comer made Lt. Gramaglia aware of his need for protection from inmate Jeffrey Stamler ("Mr. Stamler"). Lt. Gramaglia told Mr. Comer that due to overcrowding, he did not have any place to move him, however Lt. Gramaglia stated that he would speak with Mr. Stamler and try to resolve the problem. Lt. Gramaglia instructed Mr. Stamler that if he came down the stairs he would have criminal charges filed against him and if Mr. Comer went up the stairs he would have charges made against him also. Thereafter, Lt. Gramaglia returned Mr. Comer to the dayroom where he was later physically assaulted by Mr. Stamler. On July 9, 2014, Mr. Comer filed this action alleging deliberate indifference and violation of his Eighth and Fourteenth Amendment rights when Defendants failed to protect him from being attacked physically by another inmate at the Dearborn County Law Enforcement Center.

On December 30, 2014, Defendants filed their Motion for Summary Judgment arguing that the claims alleged against them are barred under the exhaustion provision of the Prison Litigation Reform Act ("PLRA"), 42 U.S.C. § 1997e, that requires a prisoner to first exhaust his available administrative remedies before filing a lawsuit in court. No response was filed by Mr. Comer and the deadline for doing so has passed.

### III. DISCUSSION

"The applicable substantive law will dictate which facts are material." *National Soffit & Escutcheons, Inc., v. Superior Systems, Inc.,* 98 F.3d 262, 265 (7th Cir. 1996) (citing *Anderson,* 477 U.S. at 248). The substantive law applicable to this motion for summary judgment is the PLRA, which requires that "[n]o action shall be brought with respect to prison conditions under section 1983 . . . until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e; see *Porter v. Nussle,* 534 U.S. 516, 524-25 (2002). "[T]he PLRA's exhaustion requirement applies to all inmate suits about prison life, whether they involve general circumstances or particular episodes, and whether they allege excessive force or some other wrong." *Id.* at 532 (citation omitted). The requirement to exhaust provides "that no one is entitled to judicial relief for a supposed or threatened injury until the prescribed administrative remedy has been exhausted." *Woodford v. Ngo,* 548 U.S. 81, 88-89 (2006) (citation omitted). Exhaustion of available administrative remedies "'means using all steps that the agency holds out, and doing so properly (so that the agency addresses the issues on the merits).'" *Id.* at 90 (*quoting Pozo v. McCaughtry*, 286 F.3d 1022, 1024 (7th Cir. 2002)). Proper use of the facility's grievance system requires a prisoner "to file complaints and appeals in the place, and at the time [as] the prison's administrative rules require." *Pozo*, 286 F.3d at 1025; see also *Dole v. Chandler*, 438 F.3d 804, 809 (7th Cir. 2006).

Because exhaustion is an affirmative defense, "the burden of proof is on the prison officials." *Kaba v. Stepp*, 458 F.3d 678, 680 (7th Cir. 2006). So here, the Defendants bear the

3

burden of demonstrating that Mr. Comer failed to exhaust all available administrative remedies before he filed this suit. *Id.* at 681.

The Defendants have not met their burden to show that Mr. Comer "had available remedies that [he] did not utilize." *Dale,* 376 F.3d at 656. There is no evidence regarding any grievance policy at the Dearborn County Jail. In addition, the claim in this case is failure to protect and the evidence submitted demonstrates that Mr. Comer submitted a grievance on June 27, 2014, two days after he was attacked by Mr. Stamler. Mr. Comer writes:

> On June 25th, 2014, while under supervision in care And [sic] Responsibility [sic] of your guard Deputy Sheriff Jerry. My safety was jeopardized when Jerry opened our door and it let another inmate physically Attack [sic] and Assault [sic] me in which I suffered with injuries needing 4 stiches [sic] that I got when I went to the hospital. The Jail staff was well aware of the issues involving Racial [sic] slurs 2 days before. Please address safety issues.

Filing No. 14-1.

Based on the record, the Defendants have not shown that more was required of Mr. Comer under the Jail's grievance policy. A primary purpose of the exhaustion requirement is to allow prison officials the time and opportunity to respond to complaints internally before an inmate starts litigation. *Smith v. Zachary*, 255 F.3d 446, 450–51 (7th Cir. 2001). The level of detail necessary in a grievance will vary from system to system and claim to claim, but it is the prison's requirements, and not the PLRA, that define the boundaries of proper exhaustion. *Jones v. Bock*, 549 U.S. 199, 218 (2007). Where the administrative policy is silent, "a grievance suffices if it alerts the prison to the nature of the wrong for which redress is sought." *Strong v. David,* 297 F.3d 646, 650 (7th Cir. 2002); see also *Wilder v. Sutton*, 310 Fed. Appx. 10, 15, 2009 WL 330531, *4 (7th Cir. 2009) ("prisoners must only put responsible persons on notice about the conditions about which they are complaining"). An offender "need not lay out the facts, articulate legal theories,

4

or demand particular relief" so long as the grievance objects "intelligibly to some asserted shortcoming." *Strong,* 297 F.3d at 650.

## IV.  CONCLUSION

Based on the evidence presented, Defendants have failed to meet their burden of proving that there was an available administrative remedy that Mr. Comer failed to utilize before filing the instant lawsuit.  The Defendants have failed to come forward with evidence which would warrant a hearing. Accordingly, Defendants' Motion for Summary Judgment (Filing No. 20) is **DENIED** and the affirmative defense of failure to exhaust administrative remedies is **REJECTED.**

It must be noted that Defendants improperly argued the merits of Mr. Comer's claim in their motion for summary judgment on the issue of exhaustion.  Defendants were previously instructed that their exhaustion defense must be resolved before reaching the merits of this case. *Pavey v. Conley*, 544 F.3d 739, 742 (7th Cir. 2008); *Perez v. Wis. Dep't of Corr.,* 182 F.3d 532, 536 (7th Cir. 1999) ("The statute [requiring administrative exhaustion] can function properly only if the judge resolves disputes about its application before turning to any other issue in the suit."). They were specifically instructed not to file a dispositive motion which incorporates other defenses.  Further, discovery was specifically limited to that necessary to resolve the exhaustion defense. See Filing No. 19.  These instructions were disregarded by the Defendants. As the Defendants were previously warned, their additional grounds for relief shall not be considered at this time.

**SO ORDERED.**

Date: 6/11/2015

_____
TANYA WALTON PRATT, JUDGE
United States District Court
Southern District of Indiana

DISTRIBUTION:

Joshua Emmannual Comer, #253720
PUTNAMVILLE CORRECTIONAL FACILITY
Inmate Mail/Parcels
1946 West U.S. Hwy 40
Greencastle, Indiana  46135

Kenneth Anthony Collier-Magar
LAW OFFICES OF COLLIER-MAGAR
kenneth@cmrlawfirm.com